**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TOM P. MORRIS,                                                                                                          PLAINTIFF
ADC # 144671

v.                                                       2:14CV00129-JLH-JJV

NWANNEM UCOAMAKA OBI-OKOYE,
Doctor, Correction Care Solutions                                                               DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Tom P. Morris ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming Defendant Obi-Okoye exhibited deliberate indifference to his serious medical needs. After careful review, the Court concludes Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.   ANALYSIS

Plaintiff alleges he was first diagnosed with a hernia in 2011 while at the ADC Ouachita River Unit (Doc. No. 2 at 4). He claims to have been released from the Ouachita Unit on some unspecified date thereafter, but returned to incarceration in April 2013 (*Id.*). Allegedly still suffering from the hernia, he consulted Dr. Simmons, a physician at the East Arkansas Regional Unit ("EARU"), and was told that surgery was required to treat his condition (*Id.*). By contrast, Plaintiff alleges that Dr. Obi-Okoye, also a physician at the EARU, examined him and concluded that he was not suffering from a hernia at all (*Id.*). This conflicting diagnosis forms the basis of this action.

The Court begins by noting that establishing a claim based on deliberate indifference to serious medical needs requires a plaintiff to show "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Alberson v. Norris*, 458 F.3d 752, 765 (8th Cir. 2006) (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). More specifically, a disagreement between

physicians over the proper course of treatment does not give rise to an actionable Eighth Amendment claim under section 1983. *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

Here, Plaintiff alleges that Dr. Obi-Okoye pronounced a diagnosis which conflicted with both the opinions of Dr. Simmons and the medical personnel at the Ouachita River Unit. It is uncertain which diagnosis is correct, but that question is irrelevant to this action. Deliberate indifference requires a showing that a defendant possessed a state of mind akin to criminal recklessness. *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009). Plaintiff has failed to allege that Dr. Obi-Okoye acted with such disregard for his health when she reached her medical conclusion. Clearly, he believes that she reached the wrong diagnosis. It may even be that her diagnosis was wrong and she was medically negligent in reaching it. Such negligence does not amount to deliberate indifference, however.

Based on the foregoing, the Court concludes that Plaintiff has alleged only a disagreement with a physician's treatment decision. As such disagreements are not actionable under section 1983, the Court recommends this action be dismissed. If Plaintiff has additional allegations, omitted from his Complaint, which might establish that Dr. Obi-Okoye acted with deliberate indifference in medically treating him, he should include them in his objections to this recommendation.

**IV.     CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[1];

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

Dated this 11th day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."